PROB 12B
(7/93)

# United States District Court

for

*District of Guam*

FILED
DISTRICT COURT OF GUAM
NOV 30 2006
MARY L.M. MORAN
CLERK OF COURT

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

| | | |
|---|---|---|
| Name of Offender: | **Ronald Chiguina Meno** | Case Number: **CR 98-00022-001** |

Name of Sentencing Judicial Officer:     Honorable Alex R. Munson

Date of Original Sentence:     March 10, 1999

Original Offense:     Attempted Importation of Crystal Methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960, and 963.

Original Sentence:     97 months imprisonment, followed by a five year term of supervised release with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm; comply with the standard conditions of supervision; submit to random urinalysis; perform 300 hours of community service; participate in a drug treatment program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance abuse; obtain and maintain gainful employment; and pay a $100 special assessment fee. **Modified** on February 15, 2006 to include that he refrain from the use of any and all alcoholic beverages.

Type of Supervision: Supervised Release     Date Supervision: January 20, 2006

## PETITIONING THE COURT

[ ] To extend the term of supervision _____ years, for a total term _____ years.

[X] To modify the conditions of supervision as follows:

1.  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender

page 2

## CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Meno's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Meno's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Meno. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Meno must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Meno has tested consistently negative for drug and alcohol use since his release. To date, he has performed a total of 75 hours of community service at the National Park Service. His balance remains at 225 hours. Since October 21, 2006, Mr. Meno has been progressed to Phase III of the drug treatment and testing phase system. He is set to complete the program on February 21, 2007. In addition, since May 2006, Mr. Meno has been employed as a part-time runner at Terry's Rental. He paid his $100 special assessment fee on June 1, 2000 and voluntarily submitted to a DNA sample of his blood on March 7, 2006.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Meno's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON

U.S. Probation Officer
Supervision Unit Leader

Date: 11/20/06

Respectfully submitted,

by: JOHN W. SAN NICOLAS II

U.S. Probation Officer

Date: November 20, 2006

## THE COURT ORDERS

☐ No Action.

☐ The Extension of Supervision as Noted Above.

☑ The Modification of Conditions as Noted Above.

☐ Other.

HON. FRANCES TYDINGCO-GATEWOOD
Chief Judge
District Court of Guam

11-24-06
Date

RECEIVED
NOV 24 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

PROB 49
(3/89)

# United States District Court

_____ District  Guam _____

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness _____    Signed _____
                    U.S. Probation Officer                                                   Probationer or Supervised Releasee

                                                                                11/13/06
                                                                                 Date